IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Albert Pogash | : | No. |
| 4091 Aristes Highway | : | |
| Ashland, PA 17921, | : | |
|     Plaintiff | : | |
| and | : | |
| Michael Moyer | : | |
| 59 Red Horse Road | : | |
| Pottsville, PA 17901, | : | |
|     Plaintiff | : | |
| vs. | : | |
| Weiner Iron and Metal Corporation | : | |
| 14th and West Arch Street | : | |
| Pottsville, PA 17901, | : | Jury Trial Demanded |
|     Defendant | : | |

## **NOTICE**

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after the Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff.  You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Pennsylvania Bar Association<br>
P.O. Box 186<br>
Harrisburg, PA 17108<br>
800-692-7375

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Albert Pogash | : | No. |
| 4091 Aristes Highway | : | |
| Ashland, PA 17921, | : | |
|     Plaintiff | : | |
| and | : | |
| Michael Moyer | : | |
| 59 Red Horse Road | : | |
| Pottsville, PA 17901, | : | |
|     Plaintiff | : | |
| vs. | : | |
| Weiner Iron and Metal Corporation | : | |
| 1056 Hwy 61 S. | : | |
| Pottsville, PA 17901, | : | Jury Trial Demanded |
|     Defendant | : | |

**COMPLAINT**

The Plaintiffs, Albert Pogash and Michael Moyer, by and through their attorney, Michael J. Fiorillo, Esquire, allege that the Defendant discriminated against the Plaintiffs in violation of the Age Discrimination in Employment Act (29 U.S.C. §621, et seq) and the Pennsylvania Human Relations Act (PHRA) 43 P.S. §951-963.

**JURISDICTION AND VENUE**

1. This Court has federal jurisdiction over the subject matter of Plaintiffs' claims under the ADA, pursuant to 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims, pursuant to 28 U.S.C. §1367, because those claims are so related to Plaintiffs' federal claims that they form part of the same case or controversy.

3. This action is authorized by 42 U.S.C. §12117.

4. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) because all of the events

giving rise to the claims alleged herein occurred in this judicial district.

## PARTIES

5. The Plaintiff, Albert Pogash, resides at 4091 Aristes Highway, Ashland, Schuylkill County, Pennsylvania 17921. His Date of Birth is May 9, 1955.

6. The Plaintiff, Michael Moyer, resides at 59 Red Horse Road, Pottsville, Schuylkill County, Pennsylvania 17901. His Date of Birth is June 25, 1959.

7. The Defendant Weiner Iron and Metal Corporation is corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an address of 14th and West Arch Street, Pottsville, Schuylkill County, Pennsylvania 17901.

## EXHAUSTION

8. Both Plaintiffs filed Complaints of Discrimination with the Pennsylvania Human Relations Commission with a dual filing at the U.S. Equal Employment Opportunity Commission (EEOC).

9. The EEOC issued a Right to Sue letter for both Plaintiffs (See Exhibit "A" attached hereto).

## UNDERLYING FACTS

10. Both Plaintiffs are members of a protected class, Age, within the meaning of the ADA and PHRA.

11. In early July 2018, the owner of the Defendant, Steve Field, met with the Plaintiffs and a third employee, Don Emerick.

12. During this meeting, Mr. Field inquired of Plaintiffs and Mr. Emerick as to how old each gentleman was at that time.

13. Mr. Field then stated that the Defendant "needs to get younger people in" and that he was

hiring Mr. Brandon Criswell as an Operations Manager. Mr. Criswell was, at the time, in his mid-thirties, to the best of Plaintiffs' knowledge.

14. In addition, during that meeting, the owner, Mr. Field, stated to Plaintiff Pogash "Look at you Al, you have a hard time getting up off the sofa."

15. Up until that point, Mr. Pogash had never received any "write-ups" or any other form of discipline. Shortly after this meeting, Mr. Pogash began to receive write-ups from Mr. Criswell alleging that he was not in compliance with certain company policies or rules.

16. Thereafter in the following months of July and August 2018, Mr. Criswell began to encourage Mr. Pogash to retire.

17. In approximately the same time frame (July/August 2018) Mr. Criswell (the Operations Manager) approached another employee, John Dronick, and asked about Mr. Pogash's age, and further stated "Why doesn't he just retire?" referring to Mr. Pogash.

18. In addition, at approximately the same time frame, Mr. Criswell made a comment to Mr. Pogash "You're as old as dirt, but we keep you on" and also stated to Mr. Pogash that he (Mr. Pogash) had a target on his back and should just retire.

19. On approximately August 31, 2018, the owner, Mr. Field, left on a trip out of state and instructed Mr. Criswell to terminate Mr. Pogash while he was on the trip.

20. On Wednesday, September 5th, Mr. Criswell provided a Termination Letter to Mr. Pogash at the end of the work day (A copy of which is attached hereto as Exhibit "B ").

21. The pretext for the termination is listed in the Termination Letter.

22. Mr. Pogash filed for Unemployment Compensation benefits, which was opposed by the Defendant, and ultimately went before a neutral Unemployment Compensation Referee.

23. The referee rejected the Defendant's position that Mr. Pogash was in some way insubordinate and awarded Mr. Pogash unemployment compensation benefits, and as such, the referee found that the Defendant had not met its burden of establishing willful misconduct on behalf of Mr. Pogash.

24. Upon information and belief, the Defendant has then hired younger individuals to replace Mr. Pogash, as further evidence of its ongoing discrimination against Mr. Pogash as a result of his age.

25. Following the aforementioned meeting in July 2018, the Defendant began to engage in similar harassment toward Plaintiff Moyer, all in furtherance of Defendant's desire that Mr. Moyer either retire or quit.

26. The Defendant began to give directions to Plaintiff Moyer. He would comply with any request, but then be belittled without cause or justification.

27. Plaintiff Moyer complained to the owner, Steven Field, the officer manager Barbara Guers and Operational Manager Brandon Criswell, about ongoing instances of harassment, yet Defendant through its agents , employees and owner, failed to take any corrective action to stop the harassment.

28. The harassment was severe, with ongoing instances of Mr. Moyer being belittled, including:

    A. Being restricted from office access, when previously Mr. Moyer had no restrictions;

    B. In being told by Ms. Guers that he was not to communicate with other employees, as he was speaking badly of the company, which allegation was not true;

    C. The owner, Steve Field, calling him in for a meeting, and telling him that he wsa

                not following orders, when in fact, he had followed all orders;

      D.      Giving Mr. Moyer a forced "day off" after an argument with his much younger manager, Mr. Creswell, when Mr. Moyer had not been given a forced day off in his decades of prior employment with the company.

      E.      Being told by the owner, Steve Fields, that he was "too old" to work on certain equipment.

29. On or about November 2019, Plaintiff Moyer was fired, allegedly for not doing his job in accordance with the Defendant's standards.

30. Upon information and belief, the Defendant was in the pattern of discharging older, higher salaried employees, and replacing them with younger employees at a lower rate of pay.

31. Further, Plaintiff Moyer alleges his termination was retaliatory as he was discharged a few months after complaining about the discrimination harassment in the workplace.

## FIRST CLAIM FOR RELIEF
## Violation of Age Discrimination in Employment Act

32. All previous paragraphs are incorporated herein as though set forth in full.

33. The Age Discrimination in Employment Act (ADEA) prohibits the termination of individuals on the basis of age in regard to the terms, conditions and privileges of employment (29 U.S.C. §623(a)(1)).

34. Both Plaintiffs are over the age of 40.

35. Both Plaintiffs were otherwise qualified to perform their jobs, and had successfully performed the essential functions of their jobs for many years.

36. Both Plaintiffs were terminated from their positions because of their age.

37. Both Plaintiffs were replaced by younger individuals.

38. The Defendant's actions in discrimination against the Plaintiffs was willful.

39. Both Plaintiffs seek all appropriate remedies under the ADEA.

## SECOND CLAIM FOR RELIEF
### Violation of the Pennsylvania Human Relations Act - Age

40. All previous paragraphs are incorporated herein as though set forth in full.

41. Both Plaintiffs are over the age of 40.

42. Both Plaintiffs were qualified to perform their respective jobs, for which they were hired by Defendant, and in fact, successfully performed the essential functions of their jobs for many years.

43. Defendant is an entity "employing four or more persons within the Commonwealth" and is an employer under the meaning of Section 4(b) of the PHRA.

44. Both Plaintiffs were terminated from their positions because of their age.

45. Both Plaintiffs were replaced by younger individuals.

46. Based on the following, Plaintiffs allege that the Defendant violated Section 5(A) of the Pennsylvania Human Relations Act (43 P.S. §951-963).

47. Plaintiffs seek all appropriate remedies under Section 9 of the PHRA.

WHEREFORE the Plaintiffs respectfully request this Honorable Court enter JUDGMENT in FAVOR of Plaintiffs and AGAINST Defendant and to award Plaintiffs the following relief:

A. Compensatory Damages;

B. Back-pay with interest thereon from the date of termination of employment through Judgment, including salary, fringe benefits and all other emoluments of employment;

C. Plaintiffs' attorney's fees;

D. Expert witness fees;

E. All other costs of suit;

F. Damages for embarrassment, humiliation, emotional distress, mental anguish that Plaintiffs have suffered as a result of the allegations contained in this Complaint;

G. Such other relief as the Court deems just and equitable.

    Respectfully submitted,

    FIORILLO LAW OFFICE

    BY:  /s/ Michael J. Fiorillo, Esquire
        Michael J. Fiorillo, Esquire
        217 Mahantongo Street
        Pottsville, PA 17901
        570-622-7725
        Attorney ID No. 52825
        fiorillolaw@verizon.net

VERIFICATION

COMMONWEALTH OF PENNSYLVANIA
        ss:
COUNTY OF SCHUYLKILL

    Pursuant to Pennsylvania Rules of Civil Procedure Nos. 76 and 1024, I, Michael Moyer, state and affirm that the facts contained in the preceding document are true upon my information and belief and I make this statement subject to the penalties of 18 PA C.S.A. Section 4904, relating to unsworn falsifications to authorities.

    /s/   *Michael Moyer*
    Michael Moyer

VERIFICATION

COMMONWEALTH OF PENNSYLVANIA

    ss:

COUNTY OF SCHUYLKILL

    Pursuant to Pennsylvania Rules of Civil Procedure Nos. 76 and 1024, I, Albert Pogash , state and affirm that the facts contained in the preceding document are true upon my information and belief and I make this statement subject to the penalties of 18 PA C.S.A. Section 4904, relating to unsworn falsifications to authorities.

                                                             /s/ *Albert Pogash*
                                                             Albert Pogash

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Albert Pogash | : | No. |
| 4091 Aristes Highway | : | |
| Ashland, PA 17921, | : | |
|     Plaintiff | : | |
| and | : | |
| Michael Moyer | : | |
| 59 Red Horse Road | : | |
| Pottsville, PA 17901, | : | |
|     Plaintiff | : | |
| vs. | : | |
| Weiner Iron and Metal Corporation | : | |
| 14th and West Arch Street | : | |
| Pottsville, PA 17901, | : | Jury Trial Demanded |
|     Defendant | : | |

## **CERTIFICATE OF SERVICE**

I, Michael J. Fiorillo, Esquire, Counsel for Plaintiffs, hereby certify that on or about

December  13 , 2022, a true and correct copy of the foregoing Complaint was served via

the following:

**VIA: Pennsylvania Constable**

Weiner Iron and Metal Corporation
14th and West Arch Street
Pottsville, PA 17901

**VIA: First Class Mail**

Brendan Hennessy, Esquire
Bunker & Ray
436 Walnut Street, WAO1A
Philadelphia, PA 19106

    /s/ Michael J. Fiorillo, Esquire